UNITED STATES DISTRICT CORT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., <br> Vessel Management Services, Inc. and <br> Crowley Maritime Corp. | § § § § | Civil Action No. 3:12-cv-00243 |
| Plaintiffs, | § § | FED. R. CIV. P. 9(h) - Admiralty |
| Vs. | § § | |
| OCEAN PROSPECTOR, her equipment, <br> tackle, appurtenances, etc., *in rem*, and <br> Plant Recovery Company, *in personam*, | § § § § § | |
| Defendants. | § | |

**ANSWER, COUNTERCLAIM AND
VERIFIED THIRD-PARTY DEMAND**

**NOW INTO COURT**, through undersigned counsel, come defendants Plant Recovery Company, *In Personam,* and OCEAN PROSPECTOR *In Rem* (hereinafter sometimes referred to collectively as, "PRC" or "Defendants"), and for their Answer to the Verified Complaint and Verified First Amended Complaint aver with respect:

**FIRST DEFENSE**

The Verified Complaint and Verified First Amended Complaint fail to state a claim upon which relief may be granted.

**AND NOW,** answering separately the allegations of the Verified Complaint, defendants aver as follows:

**I.
JURISDICTION & VENUE**

1. The allegations contained in Article 1 of the Verified Complaint are admitted.

2. The allegations contained in Article 2 of the Verified Complaint are admitted.

1

## II.
## PARTIES

3. The allegations contained in Article 3 of the Verified Complaint are neither admitted nor denied for the reason that defendants lack knowledge or information sufficient to form a belief as to the truth thereof, leaving plaintiffs to their proofs.

4. The allegations contained in Article 4 of the Verified Complaint are admitted.

5. The allegations contained in Article 5 of the Verified Complaint are admitted.

## III.
## THE ALLISION

6. The allegations contained in Article 6 of the Verified Complaint are denied.

7. The allegations contained in Article 7 of the Verified Complaint are denied.

8. The allegations contained in Article 8 of the Verified Complaint are denied.

9. The allegations contained in Article 9 of the Verified Complaint are denied.

10. The allegations contained in Article 10 of the Verified Complaint are denied.

11. The allegations contained in Article 11 of the Verified Complaint require no response of defendants.

12. The allegations contained in the prayer for relief, including subparts a – f, are denied.

13. All allegations not heretofore specifically admitted are denied.


**AND NOW**, answering separately the allegations of the Verified First Amended Complaint, defendants aver as follows:

## I.
## JURISDICTION & VENUE

1. The allegations contained in Article 1 of the Verified First Amended Complaint are admitted.

2. The allegations contained in Article 2 of the Verified First Amended Complaint are admitted.

## II.
## PARTIES

3. The allegations contained in Article 3 of the Verified First Amended Complaint are neither admitted nor denied for the reason that defendants lack knowledge or information sufficient to form a belief as to the truth thereof, leaving plaintiffs to their proofs.

4. The allegations contained in Article 4 of the Verified First Amended Complaint are admitted.

5. The allegations contained in Article 5 of the Verified First Amended Complaint are admitted.

## III.
## THE ALLISION

6. The allegations contained in Article 6 of the Verified First Amended Complaint are denied.

7. The allegations contained in Article 7 of the Verified First Amended Complaint are denied.

8. The allegations contained in Article 8 of the Verified First Amended Complaint are denied.

9. The allegations contained in Article 9 of the Verified First Amended Complaint are denied.

10. The allegations contained in Article 10 of the Verified First Amended Complaint require no response of defendants.

11. The allegations contained in the prayer for relief, including subparts a – f are denied.

13. All allegations not heretofore specifically admitted are denied.

**THIRD DEFENSE**

The allision which occurred on August 4, 2012 between the RESOLVE/650-3 and the rig OCEAN PROSPECTOR was caused or contributed to by the negligence of Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation, and/or the RESOLVE/650-3, the particulars of which will be shown at the trial of this matter and all of which Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation, and/or the RESOLVE/650-3 knew or, in the exercise of reasonable care, should have known.

**FOURTH DEFENSE**

Defendants aver that the resulting losses and damages sustained by Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation, and/or the RESOLVE/650-3 were not caused or contributed to by any fault, neglect or want of care on the part of anyone for whose conduct PRC is responsible, but were all the result of and caused solely by the fault, neglect and want of care on the part of the RESOLVE/650-3 and those responsible for her, among others, which will be shown at the trial of this cause.

**FIFTH DEFENSE**

The allision was the result of the gross negligence and/or willful misconduct of Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation and/or the RESOLVE/650-3, and were the result of a violation of applicable federal safety statutes.

**SIXTH DEFENSE**

Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation and/or the RESOLVE/650-3 have failed to mitigate their alleged damages.

**SEVENTH DEFENSE**

PRC invokes the presumptions of fault based on the rules articulated in *The OREGON*, 158 U.S. 186, 15 S.Ct.804, 39 L.Ed. 1943 (1985) and *The Louisiana*, 70 U.S. 164, 3 Wall. (70

U.S.) 164 18 L.Ed. 85 (1865).  The Rule of *The OREGON* creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel who, under her own power, allides with a stationary object.  On August 4, 2012, at the time of the allision, the RESOLVE/650-3 were moving vessels; the OCEAN PROSPECTOR was stationary.  Accordingly, a presumption of negligence on the part of the RESOLVE/650-3 and their owners and operator, which shifts the burden of production and persuasion on the issue of fault to the RESOLVE/650-3, *in rem*, and their owners and operator, *in personam*.

### EIGHTH DEFENSE

PRC invokes *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136, 22 L.Ed. 148 (1873). The Fifth Circuit has applied the rule in cases involving allisions. *Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 786 (5th Cir.2003).   On August 4, 2012, at the time of the allision, the RESOLVE/650-3, her owners and operator failed to adhere to statutory regulations, standards, and laws designed to prevent allisions.  As such, plaintiffs must now prove "not merely that [their] fault might not have been the cause [of the damages], or that it probably was not, but that it could not have been." *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136 (1983).

### COUNTERCLAIM AND VERIFIED THIRD-PARTY DEMAND

**AND NOW,** for their Counterclaim against Intrepid Ship Management, Inc., Vessel Management Services, Inc. and Crowley Maritime Corporation, *In Personam,* and its Third-Party Demand against RESOLVE/650-3[1], her engines, tackle, furniture, apparel, appurtenances, *In Rem,* PRC, upon information and belief, aver as follows:

1. This Honorable Court has subject matter jurisdiction over the Counterclaim and Verified Third-Party Demand, pursuant to 28 U.S.C. §1333 and 46 U.S.C. §30101, as this matter involves an allision between the RESOLVE/650-3 and the rig OCEAN PROSPECTOR

---

[1] "RESOLVE/650-3" denotes the Articulated Tug Barge Unit consisting of the tug RESOLVE and the tank barge 650-3.

that occurred on navigable waters in the United States.  This Counterclaim and Verified Third-Party Demand are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper as the allision at issue occurred upon navigable waters located in the Southern District of Texas.

3. Made defendant in the Counterclaim is Intrepid Ship Management, Inc., a corporation organized and existing under the laws of the State of Delaware, who was and is the operator of the RESOLVE/650-3.

4. Made defendant in the Counterclaim is Vessel Management Services, Inc., a corporation organized and existing under the laws of the State of Delaware, who was and is the registered owner of the RESOLVE/650-3.

5. Made defendant in the Counterclaim is Crowley Maritime Corp., a corporation organized and existing under the laws of the State of Delaware, who was and is the desponent owner of the RESOLVE/650-3.

6. Made defendant in the Verified Third-Party Demand is the RESOLVE/650-3, her engines, tackle, furniture, apparel, appurtenances, etc.

7. At all material times, the RESOLVE/650-3 was a vessel in navigation owned by Intrepid Ship Management, Inc., as the registered owner, and owned by Crowley Maritime Corp., as the desponent owner, and operated by Intrepid Ship Management, Inc.

8. The Verified Third-Party Demand is brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

9. On or about August 4, 2012, the RESOLVE/650-3 departed the slip at Pier 41 in Galveston and allided with the rig OCEAN PROSPECTOR, which was moored at Pier 41.

10. The allision was the result of the negligence of Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corp., and/or the RESOLVE/650-3, their employees, servants and/or agents, including the Master and Crew aboard the RESOLVE/650-

3, and of unseaworthy conditions within the systems, machinery and equipment of the RESOLVE/650-3, all of which were the legal cause of the incident.

11.     At all times pertinent, those in charge of the RESOLVE/650-3 and those responsible for her, failed to exercise reasonable care and observe the standards of good and prudent seamanship in the following respects, among others, which will be shown at trial:

   A.     The RESOLVE/650-3 failed to properly navigate and maneuver in accordance with the applicable rules of navigation;

   B.     The RESOLVE/650-3 was manned by an incompetent, careless, inattentive and/or inexperienced crew;

   C.     The RESOLVE/650-3 failed to take reasonably and timely action to prevent or minimize the allision;

   D.     The RESOLVE/650-3 failed to watch out for her own safety in the prevailing circumstances;

   E.     The RESOLVE/650-3 failed to maintain a proper lookout;

   E.     The RESOLVE/650-3 failed to make proper and adequate use of radar and the AIS system;

   F.     The RESOLVE/650-3 disregarded applicable rules of the road and basic principles of navigation;

   G.     The RESOLVE/650-3 failed to take timely corrective, evasive or precautionary actions to avoid the aforesaid allision and/or to minimize its destructive effect;

   H.     Other statutory breaches and/or negligence as specified herein and/or as proven at trial of this cause.

   PRC reserves the right to amend and supplement this Article of the Counterclaim and Verified Third-Party Demand as such other and/or different statutory breaches and acts of negligence may become evident in the development of further facts.

12.     The allision and associated damages were not caused, or contributed to, by any fault or neglect on the part of PRC, and on the contrary, were wholly caused by, and due solely to, the fault, neglect, and wanton care on the part of Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corp., and/or the RESOLVE/650-3 and those in charge of the RESOLVE/650-3.

13.     PRC invokes the presumptions of fault based on the rules articulated in *The OREGON*, 158 U.S. 186, 15 S.Ct.804, 39 L.Ed. 1943 (1985) and *The Louisiana*, 70 U.S. 164, 3 Wall. (70 U.S.) 164 18 L.Ed. 85 (1865).  The Rule of *The OREGON* creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel who, under her own power, allides with a stationary object.  On August 4, 2012, at the time of the allision, the RESOLVE/650-3 were moving vessels; the OCEAN PROSPECTOR was stationary. Accordingly, a presumption of negligence on the part of the RESOLVE/650-3 and their owners and operator, which shifts the burden of production and persuasion on the issue of fault to the RESOLVE/650-3, *in rem*, and their owners and operator, *in personam*.

14.     PRC invokes *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136, 22 L.Ed. 148 (1873). The Fifth Circuit has applied the rule in cases involving allisions. *Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 786 (5th Cir.2003).   On August 4, 2012, at the time of the allision, the RESOLVE/650-3, her owners and operator failed to adhere to statutory regulations, standards, and laws designed to prevent allisions.  As such, plaintiffs must now prove "not merely that [their] fault might not have been the cause [of the damages], or that it probably was not, but that it could not have been." *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136 (1983).

15.     As a result of the allision, PRC sustained physical, economic and related damages.  The rig OCEAN PROSPECTOR was required to undergo surveys and will be required to undergo future surveys.  The OCEAN PROSPECTOR will be required to undergo

dry-docking and permanent repairs.  PRC has suffered and incurred the following non-exclusive itemization of damages, as nearly can be presently ascertained of more than $ 2,394,968.00.

| | | |
|---|---|---:|
| A. | Tow expense from Galveston to Brownsville | $ 934,984.00 |
| B. | Dry-dock | $ 300,000.00 |
| C. | Tow insurance | $ 225,000.00 |
| D. | Tow expense from Brownsville to Galveston | $ 934,984.00 |
| E. | Damage repairs | To Be Determined |
| F. | General Service during repairs | To Be Determined |
| G. | Repair Time expenses | To Be Determined |
| H. | Other compensatory, pecuniary, and non-pecuniary losses sustained as a result of the casualty which may be proven at the trial of this matter; and | |
| I. | Pre-judgment interest, post-judgment interest, court costs, and any other damages to which PRC may be justly entitled. | |
| | | **>$2,394,968.00** |

PRC and the rig OCEAN PROSPECTOR's total damages are unknown at present and are still being identified, accumulated, and calculated.  PRC specifically reserves the right to revise and supplement the amounts and/or types of damages incurred herein as additional information is obtained.

16. As a result of the negligent actions of the RESOLVE/650-3 as the offending vessel, PRC accordingly seeks *In Rem* jurisdiction over the RESOLVE/650-3.

17. As the result of the maritime tort arising out of the collision caused by the offending vessel, the RESOLVE/650-3, PRC has a maritime lien against the RESOLVE/650-3.

18. All and singular, the premises of the Counterclaim and Verified Third-Party Demand are true and correct, and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

19. PRC requests seeking service on the "*In Rem Third-Party Defendant, THE RESOLVE/650-3*," be withheld at this time.

WHEREFORE, PRC prays that:

1. With respect to plaintiff's Verified Complaint and Verified First Amended Complaint, that after due proceedings, the complaint be dismissed, with prejudice, at plaintiffs' costs;

2. That, upon due request, process in due form of law according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against the RESOLVE/650-3, and her appurtenances, and that she be seized pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and ask that forfeiture action; that the maritime liens of PRC be recognized and enforced with preference and priority over all persons whomsoever;

3. With respect to the Counterclaim of PRC, that after due proceedings, there be judgment in its favor and against Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp., *In Personam,* for the full amount of damages, plus all interest and costs;

4. With respect to the Third-Party Demand of PRC against the RESOLVE/650-3 and her engines, tackle, furniture, apparel, appurtenances, etc., *In Rem*, that there by judgment in favor of defendants for the full amount of damages, plus all interest and costs; and

5. That the RESOLVE/650-3 and chattels aboard be sold to satisfy said judgment; and PRC be afforded all other legal, equitable and/or other relief to which it may be entitled.

Respectfully submitted,

**NICHAMOFF & KING, P.C.**

*/s/ Seth A/ Nichamoff*

_____
SETH A. NICHAMOFF
Federal I.D. No. 27002
Texas Bar No. 24027568
2444 Times Boulevard, Suite 270
Houston, TX   77005
Telephone: (713) 503-6706
Facsimile: (866) 712-1079
Email: seth@nichamofflaw.com

*Attorneys for Plant Recovery Company, In Personam, and the rig OCEAN PROSPECTOR, In Rem*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record by electronic transmission through the United States District Court's CM/ECF system this 15th day of November, 2012.

*/s/ Seth A. Nichamoff*
_____
SETH A. NICHAMOFF

**SERVICE INFORMATION:**
PLEASE WITHHOLD *IN REM* SERVICE UNTIL FURTHER NOTIFICATION.