UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., § | | |
| Vessel Management Services, Inc., and § | | |
| Crowley Maritime Corp. § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | Civil Action No. 3:12-cv-00243 | |
| § | | |
| OCEAN PROSPECTOR, her equipment, § | FED. R. CIV. P. 9(h) – Admiralty | |
| tackle, appurtenances, etc., *in rem*, and § | | |
| Plant Recovery Company, *in personam*, § | | |
| § | | |
| Defendants. § | | |

## ANSWER OF INTREPID SHIP MANAGEMENT, INC., VESSEL MANAGEMENT SERVICES, INC., CROWLEY MARITIME CORPORATION, AND THE ATB RESOLVE/650-3 TO THE COUNTERCLAIM AND VERIFIEDTHIRD-PARTY DEMAND OF PLANT RECOVERY COMPANY

**NOW COMES** Counter-Defendants, Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation, and Third-Party Defendant the ATB RESOLVE/650-3 (collectively "Crowley"), all of whom appear and submit to the jurisdiction of this Court, and in answer to the Counterclaim and Verified Third-Party Demand of Plant Recovery Company, and pleading and preserving the rights and defenses under Fed.R.Civ.Proc. 12(b)1-7, answer as follows:

**FIRST DEFENSE**

PRC fails to state a cause of action against the individual Counter-defendants for which relief may be granted.

**SECOND DEFENSE**

Now answering the individually numbered paragraphs of PRC's Counterclaim and Verified Third-Party Demand, Crowley avers as follows:

**1.**

Crowley admits all allegations in Paragraph 1, except to deny jurisdiction pursuant to 46 U.S.C. §30101.

**2.**

Crowley admits the allegations contained in Paragraph 2.

**3.**

Crowley admits the allegations contained in Paragraph 3.

**4.**

Crowley admits the allegations contained in Paragraph 4.

**5.**

Crowley admits the allegations contained in Paragraph 5.

**6.**

Crowley admits the allegations contained in Paragraph 6.

**7.**

Crowley admits the allegations contained in Paragraph 7.

**8.**

Crowley avers that Paragraph 8 does not contain any allegations to which an answer is appropriate; however, out of an abundance of caution any allegations are denied.

**9.**

Crowley admits only that on August 4, 2012 the RESOLVE/650-3 allided with the OCEAN PROSPECTOR and denies the remaining allegations contained in Paragraph 9.

**10.**

Crowley denies the allegations contained in Paragraph 10.

**11.**

Crowley denies the allegations contained in Paragraph 11, including all subparts.

**12.**

Crowley denies the allegations contained in Paragraph 12.

**13.**

Crowley denies the allegations contained in Paragraph 13 and further answers that at all relevant times the OCEAN PROSPECTOR and her submerged pontoons were improperly marked and/or a hazard to navigation and/or in violation of such other statutory and regulatory requirements as may be shown at the trial of this matter.

**14.**

Crowley denies the allegations contained in Paragraph 14 and further answers that at all relevant times the OCEAN PROSPECTOR and her submerged pontoons were improperly marked and/or a hazard to navigation and/or in violation of such other statutory and regulatory requirements as may be shown at the trial of this matter.

**15.**

Crowley denies the allegations contained in Paragraph 15, including all subparts.

**16.**

Crowley denies the allegations contained in Paragraph 16, except to admit the ATB RESOLVE/650-3 is subject to this Court's *in rem* jurisdiction.

**17.**

Crowley denies the allegations contained in Paragraph 17.

**18.**

Crowley denies the allegations contained in Paragraph 18.

**19.**

Crowley avers that Paragraph 19 does not contain any allegations for which a response is necessary; however, Crowley further avers that service on the ATB RESOLVE/650-3 is unnecessary given her voluntary appearance and submission to this Court's *in rem* jurisdiction and further places PRC on notice that any arrest of the ATB RESOLVE/650-3 would be malicious, unnecessary, unlawful and subject to PRC to all damages incurred as a result of such wanton and malicious unlawful arrest.

**20.**

Crowley avers the concluding unnumbered paragraph and its subparts are in the form of a prayer for which no response is necessary; however, out of an abundance of caution, all allegations are denied.

**THIRD DEFENSE**

PRC's damages, if any, were the result of preexisting conditions or damage to the OCEAN PROSPECTOR and unrelated to the allision at suit and/or were sustained or developed subsequent to the allision at suit.

## FOURTH DEFENSE

PRC's damages, if any, are the result of the fault or neglect of third parties for whom Crowley is not responsible.

## FIFTH DEFENSE

PRC's damages, if any, are the result of its own fault or negligence which is pleaded in bar or diminution to any recovery herein.

## SIXTH DEFENSE

At all relevant times the OCEAN PROSPECTOR and her submerged pontoons were improperly marked and/or a hazard to navigation and/or in violation of such other statutory and regulatory requirements as may be shown at the trial of this matter, and which violations serve as a bar to any recovery against Crowley.

## SEVENTH DEFENSE

PRC has failed to mitigate its alleged damages.

## EIGHTH DEFENSE

Crowley affirmatively plead the defense of exoneration from, or limitation of liability under the Shipowner's Limitation of Liability Act. 46 U.S.C. §§ 30501 *et. seq*.

## NINTH DEFENSE

PRC's alleged damages, if any, were caused or contributed to in whole or in part by unavoidable accident, Act of God and/or conditions of tide, wind, weather, or other inevitable hazard or peril of the sea and/or by inscrutable fault.

**WHEREFORE,** Counter-Defendants, Intrepid Ship Management, Inc., Vessel Management Services, Inc., Crowley Maritime Corporation, and Third Party Defendant, the ATB RESOLVE/650-3, pray that their Answer to the Counter-Claim and Verified Third-Party

Demand of Plant Recovery Company be deemed good and sufficient; that after due proceedings be had judgment be entered in favor of Counter-Defendants and Third-Party Defendant dismissing the Counter-Claim and Verified Third-Party Demand of Plant Recovery Company with prejudice at the cost and expense of Plant Recovery Company; that such Counter-Defendants and Third-Party Defendant be awarded their costs, expenses, and attorneys' fees together with such other relief as they may be entitled to under law and equity.

    Respectfully submitted,

    LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP

    /s/ *James T. Brown*
    James T. Brown
    Texas Bar No. 03138150
    Federal ID. No. 11656
    5151 San Felipe, Suite 400
    Houston, Texas 77056
    Phone: (713) 917-0888
    Fax: (713) 953-9470
    jimbrown@leggefarrow.com
    **ATTORNEY-IN-CHARGE FOR PLAINTIFFS, COUNTER-DEFENDANTS, AND THIRD PARTY DEFENDANT INTREPID SHIP MANAGEMENT, INC., VESSEL MANAGEMENT SERVICES, INC., CROWLEY MARITIME CORPORATION & THE ATB RESOLVE/650-3**

**OF COUNSEL:**
LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP
Cameron A. Hatzel
Texas Bar No. 24074373
Federal ID No. 1128943
chatzel@leggefarrow.com
Andrew M. Stakelum
Texas Bar No. 24072362
Federal ID No. 1129113
astakelum@leggefarrow.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record by electronic transmission through the United States District Court's CM/ECF system this 16th day of November, 2012.

/s/ Andrew M. Stakelum
Andrew M. Stakelum