UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., <br> Vessel Management Services, Inc., and <br> Crowley Maritime Corp. <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN PROSPECTOR, her equipment, tackle, appurtenances, etc., *in rem*, and Plant Recovery Company, *in personam*, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No. 3:12-cv-00243 <br><br> FED. R. CIV. P. 9(h) – Admiralty |

**PLAINTIFFS' STATUS REPORT AND
REQUEST FOR DISCOVERY**

**NOW COME** Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation (hereinafter "Plaintiffs") and file this Status Report and Request for Discovery. On November 16, 2012, the Court entertained a telephonic conference regarding a discovery issue surrounding subpoenas served on various third parties by Plaintiffs. The Court requested Plaintiffs withdraw the subpoenas and suggested that the parties discuss the discovery issues attendant thereto in an attempt to resolve them. The Court then set a subsequent status conference for December 14, 2012. Plaintiffs now respectfully submit this Status Report and Request for Discovery.

**I**

*Background*

On August 24, 2012, Plaintiffs filed their Amended Complaint against Defendant Plant Recovery Company (hereinafter "PRC") for damages arising out of a vessel allision between

Plaintiffs' vessel and the OCEAN PROSPECTOR, a 1971 drilling rig owned by PRC. Although Plaintiffs established and pled a right to *in rem* service upon the OCEAN PROSPECTOR, Plaintiffs requested that *in rem* service be withheld pending private negotiation of security. In September 2012, PRC and its underwriter provided a written agreement and vessel release bond obviating the need for an arrest of the OCEAN PROSPECTOR. Notice and a copy of the agreement and vessel release bond were filed with this Court on September 26, 2012. [DKT. 4, 4-1]. On September 25, 2012, PRC, *in personam*, was served with the Amended Complaint. [DKT. 5]. PRC's answer was due October 16, 2012. After requesting and receiving an extension of time to file an answer, PRC filed its answer on November 15, 2012. [DKT. 6]. With the answer, PRC also asserted a Complaint and Counterclaim and Third-Party Action against Plaintiffs. [DKT. 6]. On November 16, 2012, PRC filed a Verified Statement of Right or Interest in the OCEAN PROSPECTOR, thereby appearing for the *in rem* defendant. [DKT. 7].

Before filing an answer or asserting a counterclaim or third-party claim in this action, on October 22, 2012, PRC served a demand for counter security upon Plaintiffs seeking $3,592,452 and threatening to arrest Plaintiffs' vessel. *See Exh. A*. Plaintiffs initially requested and obtained PRC's agreement not to arrest Plaintiffs' vessel through November 25, 2012. *See Exh. B*. Then, on November 7, 2012, Plaintiffs followed up by requesting a joint survey of the OCEAN PROSPECTOR, as well as documents relevant to the damages alleged by PRC, so that PRC's demand for counter security could be evaluated. *See Exh. C*.

When PRC did not respond to Plaintiffs request for documents or a joint survey of the OCEAN PROSPECTOR, Plaintiffs served subpoenas on third parties, as well as PRC, seeking the damage information requested in the November 7, 2012 letter. *See Exh. D*. Mere hours after filing an answer, counterclaim and third-party claim, on the morning November 16, 2012, PRC

2

requested and obtained a telephonic hearing before the Court seeking to quash these subpoenas. The Court requested that Plaintiffs recall the subpoenas, which was done immediately after the hearing. The Court also suggested that the parties confer and resolve the discovery issues with regard to the information sought in the subpoenas. [DKT. 10].

On November 19, 2012, Plaintiffs' counsel sent a letter to counsel for PRC confirming the subpoenas had been withdrawn and requesting that a Rule 26(f) telephonic discovery conference be scheduled with PRC's Houston counsel of record as well as PRC's New Orleans counsel, whom had also participated in the November 16, 2012 telephonic conference before the Court.  Plaintiffs suggested that the parties discuss documents sought by the subpoenas for the purpose of evaluating PRC's demand for counter security and also to commence discovery. *See Exh. E*.

Also on November 19, 2012, PRC's New Orleans counsel gave Plaintiffs permission to obtain a bid from Malin International Ship Repair & Drydock—where the OCEAN PROSPECTOR now lies—for the gas freeing and safe entry to the rig. That is being done and it appears the joint survey will take place before the end of the year. Counsel for PRC also indicated that they were working on a response to the aforementioned document request previously served by Plaintiffs. *See Exh. F*.

Having received no response to the request for a Rule 26(f) discovery request, and no documents, on November 26, 2012, Plaintiffs' counsel again followed up with PRC's Houston and New Orleans counsel requesting a Rule 26(f) conference between the parties so that discovery issues could be discussed in advance of this Court's December 14, 2012 Status Conference. Plaintiffs also produced the diving surveys conducted on the OCEAN PROSPECTOR on behalf of Plaintiffs by Martin Diving, LLC to PRC. Plaintiffs further

3

requested a copy of the dive survey PRC had conducted on the rig by T&T Bisso (New Orleans) at the time of the incident. *See Exh. G*.

On November 26, 2012, New Orleans counsel for PRC responded to Plaintiffs' letter of even date once again indicating they were working on providing the information requested with regard to the demand for counter security, noting that they disagreed with Plaintiffs' assessment and request for a Rule 26 conference between the parties to discuss discovery. *See Exh. H*.

II

*Current Status of the Discovery Issues*

As of the filing of this Status Report, none of the requested surveys, documents or information has been produced by PRC. PRC has agreed to grant access to the OCEAN PROSPECTOR for a joint damage survey and this will be carried out before the end of the year.

For the reasons stated above, the parties have not yet conducted a Rule 26(f) discovery conference. Rule 26(f) states that "the parties must confer *as soon as practicable* and in any event at least twenty-one days before a scheduled conference is to be held or a scheduling order is due under Rule 16(b)." While it has been practicable for the parties to confer as required by Rule 16(f) in this case, PRC has refused. Further, this Court scheduled a Status Conference for December 14, 2012, which also implicates the Rule 26(f) conference between the parties.

Based on this, Plaintiffs request that they be permitted to re-issue the subpoenas that were the subject of the November 16, 2012 telephonic hearing. In addition to discovery surrounding counter security, Plaintiffs also request that normal discovery be permitted to commence as authorized by the Federal Rules of Civil Procedure.

### III

### *Additional Reasons Supporting Plaintiffs' Request for Discovery*
### *And the Re-Issuance of Subpoenas:  Who Owns the OCEAN PROSPECTOR?*

In response to Plaintiffs' security request, Plant Recovery Company provided a Vessel Release Bond to serve as substitute security for the OCEAN PROSPECTOR averring under oath that it was "principal, owner and claimant of the OCEAN PROSPECTOR." [DKT. 4-1]. The Release Bond was signed under oath by Director, Christopher Siebert. Likewise, on November 16, 2012, PRC filed a Verified Statement of Right in this Court asserting under oath that it had the right to appear and assert a right of possession to the OCEAN PROSPECTOR. [DKT. 7].

Recently on December 7, 2012 suit was filed by PRC Environmental, Inc., apparently another PRC affiliate, against Plaintiffs and their vessel THE RESOLVE in an entirely separate action. *See Verified Complaint in C.A. No. 4:12-cv-03576, Exh. I.* In this Verified Complaint, PRC Environmental, Inc. now asserts that the OCEAN PROSPECTOR is owned by an individual named Francisco Moreno. *See Paragraph 4.3 of PRC Environmental, Inc.'s Verified Complaint, Exh. I.* This allegation is verified by PRC Environmental, Inc.'s counsel in an affidavit attached to that pleading. PRC Environmental, Inc. also filed a Declaratory Judgment action on December 7, 2012 against Diamond Offshore Drilling, Inc., also asserting that Mr. Moreno holds title to the OCEAN PROSPECTOR. *See C.A. No. 3:12-MC-0006, Exh. J at ¶¶ 4.8, 4.9, 4.10.*

The verified allegations of PRC Environmental, Inc. are contrary to the verified allegations in the case at bar which indicate that Plant Recovery Company, not Mr. Moreno, owns the OCEAN PROSPECTOR. Plaintiffs respectfully submit that the discovery sought in this motion is warranted to address issues concerning ownership of the OCEAN PROSPECTOR and the attending right to assert claims for damages thereto.

## IV

### *Conclusion/Request*

Based on the foregoing, Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation respectfully request that the Court permit them to reissue the subpoenas that were previously withdrawn, and also allow the parties to commence discovery on the merits in the case at bar.

Respectfully submitted,

LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP

/s/ *James T. Brown*
James T. Brown
Texas Bar No. 03138150
Federal ID. No. 11656
5151 San Felipe, Suite 400
Houston, Texas 77056
Phone: (713) 917-0888
Fax: (713) 953-9470
jimbrown@leggefarrow.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS,
INTREPID SHIP MANAGEMENT, INC.,
VESSEL MANAGEMENT SERVICES, INC.,
CROWLEY MARITIME CORPORATION**

**OF COUNSEL:**
LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP
Cameron A. Hatzel
Texas Bar No. 24074373
Federal ID No. 1128943
chatzel@leggefarrow.com
Andrew M. Stakelum
Texas Bar No. 24072362
Federal ID No. 1129113
astakelum@leggefarrow.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record by electronic transmission through the United States District Court's CM/ECF system this 11th day of December, 2012.

/s/ James T. Brown
James T. Brown

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I certify I have contacted counsel for Defendants regarding the substance of this motion and Defendants are opposed.

/s/ James T. Brown
James T. Brown