UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., | § | |
| Vessel Management Services, Inc., and | § | |
| Crowley Maritime Corp. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 3:12-cv-00243 |
| | § | c/w 12-cv-00359 |
| OCEAN PROSPECTOR, her equipment, | § | |
| tackle, appurtenances, etc., *in rem*, and | § | FED. R. CIV. P. 9(h) – Admiralty |
| Plant Recovery Company, *in personam*, | § | |
| | § | |
| Defendants. | § | |

**THIRD PARTY COMPLAINT**

**COME NOW**, through undersigned counsel, Plaintiffs, Counter-Defendants and Third Party Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp. (collectively "Crowley"), and for their Third Party Complaint against Third Party Defendant Malin International Ship Repair & Drydock, Inc. ("Malin") and pursuant to Federal Rule of Civil Procedure 14(c) represent as follows:

**I.
JURISDICTION & PARTIES**

1.     This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333(1), Rule 9(h) of the Federal Rules of Civil Procedure.

2.     Crowley asserts this Third Party Complaint pursuant to Federal Rule of Civil Procedure 14(b); and further impleads and tenders Third Party Defendant Malin pursuant to Federal Rule of Civil Procedure 14(c) directly liable to the OCEAN PROSPECTOR, *in rem*,

1

Plant Recovery Company, PRC Environmental Inc. and PROSPECTOR RIG MGT., LLC for all such claims asserted by the foregoing against Crowley in this consolidated civil action.

3. Plaintiffs, Counter-Defendants and Third Party Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc. and Crowley Maritime Corp. are and continue to be Delaware corporations in the business of owning and operating merchant vessels. Intrepid Ship Management, Inc. operated the RESOLVE/650-3[1], Vessel Management Services, Inc. is the registered owner and Crowley Maritime Corp. is the desponent owner.

4. Third Party Defendant Malin is a domestic corporation with its principal place of business at Galveston, Texas. Third Party Defendant Malin may be served with service of process through its registered agent for service of process, National Registered Agents, Inc., at 350 N. St. Paul Street, Ste 2900 Dallas, TX 75201-4234.

## II.
## FACTS

5. On or about August 3, 2012 the RESOLVE/650-3 berthed at Pier 41 in Galveston, Texas, which was at all relevant times operated by Third Party Defendant Malin, for the purpose repairing the Nitrogen System of the RESOLVE/650-3 pursuant to the terms and conditions of Crowley Purchase Order ("PO") 3017037.

6. At all relevant times Third Party Defendant Malin had actual knowledge or constructive knowledge of the terms and conditions of PO 3017037.

7. The terms and conditions of PO 3017037 requires Third Party Defendant Malin to perform the following obligations:

>   a. "[I]ndemnify, save harmless and defend" Crowley for all damage to property regardless of fault in connection with or incident to the Purchase Order; *See* Clause 13 of the terms and conditions of PO 3017037.

---

[1] "RESOLVE/650-3" denotes the Articulated Tug Barge Unit consisting of the tug RESOLVE and the tank barge 650-3.

    b. Assume risk of loss or damage to the RESOLVE/650-3 while on its property "from any cause whatsoever…"; *see* Clause C.(3.) of terms and conditions of PO 3017037.

    c. Name Crowley as an additional assured with waiver of subrogation on certain policies of insurance. *See* Clause C.(4.) of terms and conditions of PO 3017037.

  8. As a consequence of and in connection with the layberth and services provided by Third Party Defendant Malin, the RESOLVE/650-3 departed the slip at Pier 41 in Galveston, Texas in the early morning hours of August 4, 2012, for BP Dock 50 in Texas City.

  9. Upon departing the slip, the RESOLVE/650-3 became fouled on an unmarked, dangerous underwater obstruction located near the rig OCEAN PROSPECTOR, which was moored at the end of Pier 41 and adjacent to the slip, and of which Third Party Malin had actual or constructive knowledge. The location at which the rig OCEAN PROSPECTOR was moored was also operated by Third Party Defendant Malin, who on information and belief was also performing certain work for hire on the OCEAN PROSPECTOR.

  10. Unbeknownst to Crowley and/or the RESOLVE/650-3, the OCEAN PROSPECTOR had two submerged and unmarked pontoons protruding at least five feet below the surface of the water from the base of the rig. The underwater portions of the rig constituted dangerous and unmarked obstructions on the early morning of August 4, 2012 and are indicated on the following drawing of the OCEAN PROSPECTOR taken from the website of one of the rig's alleged owners[2]:

---

[2] http://www.prcpower.com/oil-platforms/prospector.aspx# (last accessed 13 August 2012).

3



This underwater obstruction extended into the navigable waterway approximately 40 feet from the portion of the rig visible above the surface of the water. The underwater obstruction was not marked. Crowley was neither informed of its presence nor had reason to believe of its existence.

11. The underwater obstruction struck the hull of the Barge 650-3 indenting the plate and holing the 650-3's No. 7 starboard clean ballast tank, necessitating repair and placing the vessel off-hire.

12. Parties Plant Recovery Company, PRC Environmental, Inc. and PROSPECTOR RIG MGT., LLC have appeared as Defendant, consolidated Plaintiff, and consolidated Intervenor, respectively, in this consolidated civil action asserting ownership to, or a proprietary interest in the OCEAN PROSPECTOR and claiming various damages against Crowley allegedly arising out of the allision. *See* Dkt. Nos. 6 and 23 of this Action; and Dkt. No. 1 of former CA 12-000359. Crowley denies any all liability to Plant Recovery Company, PRC Environmental, Inc. and/or PROSPECTOR RIG MGT., LLC.

## III.
## CAUSES OF ACTION

### A. Breach of Contract

13.     The terms and conditions of PO 3017037 constitute a binding contract between Third Party Defendant Malin and Crowley, of which the latter has performed all conditions precedent. Third Party Defendant Malin has failed to perform those obligations required under PO 3017037, has breached PO 3017037, and remains in breach by:

      a.  Failing to "indemnify, save harmless and defend" Crowley from all damages in connection with or incident to the work performed by Third Party Defendant Malin;

      b.  Failing to "protect the [RESOLVE/650-3] from any and all damage" and assume the risk of loss of damage to Crowley's vessel;

      c.  Failing to procure and/or name Crowley as an additional assured with respect to policies of insurance covering Crowley's losses at suit; and

      d.  Such other instances as may be shown at trial.

14.     As a direct or proximate result of Third Party Defendant Malin's breaches, Crowley has sustained and continues to sustain damages as set forth below.

### B. Negligence

15.     Third Party Defendant Malin operates its business as a ship repair facility and wharfinger and at all times owed Crowley a duty to provide a safe berth and perform its work in a workmanlike manner. Malin in the exercise of reasonable diligence knew or should have known of the hidden danger created by the OCEAN PROSPECTOR's submerged aft pontoons and had a duty to, at a minimum, warn Crowley of such danger.

16.     Third Party Defendant Malin breached its duties as a wharfinger by failing to exercise reasonable care in the following non-exclusive manner:

5

    a.    Failing to warn Crowley of the hidden danger or underwater obstruction created by the OCEAN PROSPECTOR's submerged aft pontoons;

    b.    Failing to provide Crowley safe egress from its berth at Pier 41;

    c.    Mooring the OCEAN PROSPECTOR so that its submerged aft pontoons obstructed a navigable channel and obstructing the progress of vessels, including the RESOLVE/650-3, in that channel, all in contravention of state and federal regulations;

    d.    Failing to mark the underwater obstruction created by the submerged aft pontoons of the OCEAN PROSPECTOR and/or give vessels warning of its existence in direct contravention of 33 C.F.R. § 64.11(c); and

    e.    Such other failings as may be shown at trial.

17.    As a direct or proximate result of Third Party Defendant Malin's breaches, Crowley has sustained and continues to sustain damages as set forth below.

## IV.
## DAMAGES

18.    As a direct or proximate result of Third Party Defendant Malin's conduct, in whole or in part, Crowley has sustained and continues to sustain the following non-exclusive damages all of which Third Party Malin is liable, in whole or in part:

    a.    Cost of permanent repairs, loss of use and other related expenses with respect to the RESOLVE/650-3, necessarily incurred and which will be incurred as a result of the allision, which are estimated, as nearly as possible at this time, to be in the amount of FOUR HUNDRED FORTY THOUSAND DOLLARS AND NO/100 ($440,000.00);

    b.    Crowley's liability, if any, to Plant Recovery Company, PRC Environmental, Inc. and PROSPECTOR RIG MGT., LLC for physical damage to the OCEAN PROSPECTOR, which damages have been denied and are denied by Crowley;

    c.    Crowley's liability, if any, to PRC Environmental, Inc. and PROSPECTOR RIG MGT., LLC for loss or impairment of their investment in the OCEAN PROSPECTOR of more than $3,650,000, and loss of profits and future profits and business opportunities "calculated to be at least $258,000,000," which damages have been and are denied by Crowley.

6

    d.    Costs and expenses, including attorneys' fees, incurred by Crowley in prosecuting its claim for breach of contract and damage to the RESOLVE/650-3, and defending against the claims asserted by those claiming interest in the OCEAN PROSPECTOR.

**WHEREFORE**, Plaintiffs, Counter-Defendants, and Third Party Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp. pray that after due proceedings be had, the following relief be granted:

a. judgment be entered in their favor on this Third Party Complaint and against Malin International Ship Repair & Drydock, Inc. awarding Crowley all damages sustained as a result of the allision;

b. Judgment be entered in their favor on this Third Party Company and against Malin International Ship Repair & Drydock, Inc. awarding Crowley indemnity and/or contribution for all claims asserted by Plant Recovery Company, PRC Environmental, Inc., and/or PROSPECTOR RIG MGT., LLC;

c. Malin be impleaded pursuant to Federal Rule of Civil Procecure 14(c), appear answer the allegations set forth in Dkt Nos. 6 and 23 of C.A. 12-cv-00243 and Dkt. No. 1 of former C.A. 12-cv-00360 and be  adjudged directly liable to Plant Recovery Company, PRC Environmental, Inc., and/or PROSPECTOR RIG MGT., LLC for all claims asserted against Crowley and that Crowley be exonerated from all liability to the foregoing;

d. Judgment be entered in their favor on this Third Party Company and against Malin International Ship Repair & Drydock, Inc. awarding Crowley its legal costs, attorneys' fees, and pre and post interest;

e. all other just and equitable relief as may be warranted.

Respectfully submitted,

Respectfully submitted,

**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP**

/s/ *James T. Brown*
James T. Brown
Texas Bar No. 03138150
Federal ID. No. 11656
5151 San Felipe, Suite 400
Houston, Texas 77056
Phone: (713) 917-0888
Fax: (713) 953-9470
jimbrown@leggefarrow.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS,
INTREPID SHIP MANAGEMENT, INC.,
VESSEL MANAGEMENT SERVICES, INC.,
CROWLEY MARITIME CORPORATION**

**OF COUNSEL:**
**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP**
Andrew M. Stakelum
Texas Bar No. 24072362
Federal ID No. 1129113
astakelum@leggefarrow.com
Cameron A. Hatzel
Texas Bar No. 24074373
Federal ID No. 1128943
chatzel@leggefarrow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record via the Court's ECF/CM system on July 17, 2013.

/s/ *Andrew M. Stakelum*
Andrew M. Stakelum