UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., <br> Vessel Management Services, Inc., and <br> Crowley Maritime Corp. <br><br> Plaintiffs, <br><br> vs. <br><br> OCEAN PROSPECTOR, her equipment, <br> tackle, appurtenances, etc., *in rem*, and <br> Plant Recovery Company, *in personam*, <br><br> Defendants. | § § § § § § § § § § § § § § | Civil Action No. 3:12-cv-00243 <br><br> FED. R. CIV. P. 9(h) – Admiralty |

## VERIFIED SECOND AMENDED COMPLAINT

COME NOW, through undersigned counsel, Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp., and for their Verified Second Amended Complaint against OCEAN PROSPECTOR, her equipment, tackle, appurtenances, etc., *in rem*, and Plant Recovery Company, *in personam*, respectfully represent upon information and belief:

### I.
### JURISDICTION & VENUE

1.   This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333(1), Rule 9(h) of the Federal Rules of Civil Procedure and within the meaning of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. Venue is proper in this Honorable Court as the allision occurred in the vicinity of Pier 41 in the Port of Galveston. Further, the OCEAN PROSPECTOR is currently berthed at the end of Pier 41 in the Port of Galveston within the jurisdiction of this Court.

## II.
## PARTIES

3. Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc. and Crowley Maritime Corp. are and continue to be Delaware corporations in the business of owning and operating merchant vessels. Intrepid Ship Management, Inc. operated the RESOLVE/650-3[1], Vessel Management Services, Inc. is the registered owner and Crowley Maritime Corp. is the desponent owner.

4. Defendant *in rem*, OCEAN PROSPECTOR, is a 1971-build, self-propelled, semi-submersible drilling rig which is now present within the Southern District of Texas, Galveston Division, and subject to the jurisdiction of this Court. The OCEAN PROSPECTOR is currently moored at the end of Pier 41 in the Port of Galveston. At all times relevant to this lawsuit, the OCEAN PROSPECTOR was a watercraft or other artificial contrivance used, or practically capable of being used, as a means of transportation on water.

5. Defendant *in personam*, Plant Recovery Company ("PRC"), is a Texas Corporation and service may be affected on PRC's registered agent for service of process in Texas: Edward N. Siebert, Jr., 639 Seagrove, La Porte, Texas 77571-7217.

## III.
## THE ALLISION

6. In the early morning hours of August 4, 2012, the RESOLVE/650-3 departed the slip at Pier 41 in Galveston, where she was docked head-in, starboard-side-to, and shifted to BP

---

[1] "RESOLVE/650-3" denotes the Articulated Tug Barge Unit consisting of the tug RESOLVE and the tank barge 650-3.

133-042 Verified Second Amended Complaint.doc

Dock 50 in Texas City. Upon departing the slip, the RESOLVE/650-3 became fouled on an unmarked, dangerous underwater obstruction located near the rig OCEAN PROSPECTOR, which was moored at the end of Pier 41 and adjacent to the slip. Unbeknownst to the RESOLVE/650-3, the OCEAN PROSPECTOR had two submerged and unmarked pontoons protruding underwater at least five feet below the surface from the base of the rig. The underwater portions of the rig that constituted dangerous and unmarked obstructions on the early morning of August 4, 2012 are indicated on the following drawing of the OCEAN PROSPECTOR taken from PRC's website[2]:



This underwater obstruction extended into the navigable waterway approximately 40 feet from the portion of the rig visible above the surface of the water. Defendants failed to mark this dangerous underwater obstruction, that is not visible from the surface, and which struck the hull of the Barge 650-3 indenting the plate and holing the 650-3's No. 7 starboard clean ballast tank.

---

[2] http://www.prcpower.com/oil-platforms/prospector.aspx# (last accessed 13 August 2012).

3

133-042 Verified Second Amended Complaint.doc

7. The allision and damages to the RESOLVE/650-3 were caused by the negligence and violation of the Inland Navigation Rules by PRC and its employees, servants and agents and also by the unseaworthiness of the OCEAN PROSPECTOR. The allision and damages sustained by the RESOLVE/650-3 were not caused by any negligence on the part of Plaintiffs or any of their employees, servants or agents or the Master and crew of the RESOLVE/650-3. The allision and damages sustained by the RESOLVE/650-3 were not caused by any unseaworthiness of the RESOLVE/650-3, which was at all times material hereto tight, staunch, strong, seaworthy and in all respects properly manned, fitted and equipped. Defendants also violated the Rivers and Harbors Act, 33 U.S.C. § 409 *et seq.*, 33 C.F.R. § 64.11(c) and the Texas Water Safety Act, codified at Chapter 31 *et seq.* of the Texas Parks and Wildlife Code, by obstructing a navigable channel and obstructing the progress of vessels in that channel. In addition, Defendants failed to mark the underwater obstruction and/or give vessels warning of its existence in direct contravention of 33 C.F.R. § 64.11(c). In addition to the Defendants' negligence, the foregoing statutory violations constitute negligence per se.

8. Defendants' violation of statutory regulations and rules intended to prevent collisions also invokes the rule of *The PENNSYLVANIA*. As a result, Defendants now bear a burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the allision. *The PENNSYLVANIA*, 86 U.S. (19 Wall.) 125, 136 (1874).

9. As a result of this allision, Plaintiffs have sustained substantial damages including cost of permanent repairs and related costs, loss of use and other related expenses necessarily incurred and which will be incurred as a result of the allision, which are estimated, as nearly as possible at this time, to be in the amount of FOUR HUNDRED FORTY THOUSAND

DOLLARS AND NO/100 ($440,000.00). Plaintiffs also seek attorneys' fees, expenses, and costs of court.

10. As a result of the allision, consolidated parties Prospector Rig MGT., LLC and PRC Environmental, Inc. have each alleged an interest in the OCEAN PROSPECTOR and asserted various claims for physical damage to the OCEAN PROSPECTOR and economic damages arising out of their alleged inability to market, refurbish, and/or sell the OCEAN PROSPECTOR. Crowley has denied all liability.

11. In the event Crowley is found liable in whole or in part to Prospector Rig MGT., LLC, PRC Environmental, Inc. or any party, Crowley demands indemnity and/or contribution from Plant Recovery Company for any alleged liability caused by the fault or neglect of Plant Recovery and/or the unseaworthiness of the OCEAN PROSPECTOR for which Plant Recovery Company has claimed an interest.

12. Plaintiffs request service on the *in rem* Defendant OCEAN PROSPECTOR be withheld at this time.

**BASED ON THE FOREGOING**, Plaintiffs pray:

a. that, upon due request, process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the OCEAN PROSPECTOR and her appurtenances, and that she be seized pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

b. that a summons issue to the Defendant *in personam*, Plant Recovery Company, citing them to appear and answer the matters aforesaid;

c.     that the maritime liens of Plaintiff be recognized and enforced with preference and priority over all persons whomsoever;

d.     that the Court enter judgment in favor of Plaintiffs and against the OCEAN PROSPECTOR, *in rem*, and against Plant Recovery Company, *in personam*, jointly and severally in the amount of $440,000.00 or such other amount as may be proved herein, plus interest, costs, and attorneys' fees;

e.     That in the event Crowley is found liable, in whole in part, to any party for damages arising out of the allision that Plant Recovery Company indemnify Crowley or be found liable in contribution for such liability;

e.     that the OCEAN PROSPECTOR and chattels aboard be sold to satisfy said judgment; and

f.     that the Court grant all other and further relief as justice may require.

Respectfully submitted,

**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP**

/s/ *James T. Brown*
James T. Brown
Texas Bar No. 03138150
Federal ID. No. 11656
5151 San Felipe, Suite 400
Houston, Texas 77056
Phone: (713) 917-0888
Fax: (713) 953-9470
jimbrown@leggefarrow.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS INTREPID SHIP MANAGEMENT, INC. VESSEL MANAGEMENT SERVICES, INC. & CROWLEY MARITIME CORPORATION**

**OF COUNSEL:**
**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP**
Cameron A. Hatzel
Texas Bar No. 24074373
Federal ID No. 1128943

6

133-042 Verified Second Amended Complaint.doc

chatzel@leggefarrow.com
Andrew M. Stakelum
Texas Bar No. 24072362
Federal ID No. 1129113
astakelum@leggefarrow.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record by electronic transmission through the United States District Court's CM/ECF system this 14th day of October, 2013.

/s/ Andrew M. Stakelum
Andrew M. Stakelum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp.<br><br>Plaintiffs,<br><br>vs.<br><br>OCEAN PROSPECTOR, her equipment, tackle, appurtenances, etc., *in rem*, and Plant Recovery Company, *in personam*,<br><br>Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 3:12-cv-00243<br><br>FED. R. CIV. P. 9(h) – Admiralty |

**VERIFICATION AND AFFIDAVIT**
**PURSUANT TO ADMIRALTY RULE C**

| | |
|---|---|
| STATE OF TEXAS | § § § |
| COUNTY OF HARRIS | |

BEFORE ME, the undersigned authority, personally came and appeared

JAMES T. BROWN,

who, after being first duly sworn, did depose and say that he is an attorney for the plaintiffs herein; that he has read the above and foregoing Complaint and the allegations thereof are true and correct to the best of his information, knowledge and belief, based on his personal knowledge and on information and documents furnished upon behalf of plaintiffs.

_____
JAMES T. BROWN

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 14TH DAY OF OCTOBER 2013.

_Marcia M. Lee-Sharpe_   10/14/13
NOTARY PUBLIC

MARCIA M. LEE-SHARPE
Notary Public, State of Texas
My Commission Expires
January 27, 2015

8

133-042 Verified Second Amended Complaint.doc